IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DARIN MITCHELL,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security<br><br>　　　　　　　　Defendant. | MEMORANDUM DECISION AND<br>ORDER REMANDING ALJ'S DECISION<br><br><br>Case No.  2:15-cv-00158-EJF<br><br><br>Magistrate Judge Evelyn J. Furse |

　　　　Plaintiff Darin Mitchell ("Mr. Mitchell") filed this action asking the Court to reverse and remand the Administrative Law Judge's ("ALJ") decision denying his application for disability insurance benefits beginning on August 5, 2010.  (Pl's Opening Br. ("Pl.'s Br.") 12, ECF No. 17.) In accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have consented to proceed before the undersigned Magistrate Judge.  (ECF No. 15.)  The ALJ determined that Mr. Mitchell did not qualify as disabled under 42 U.S.C. §§ 416(i) and 423(d) of the Social Security Act ("Act").  (Administrative R. ("R.") 18, ECF No. 8.)  Having carefully considered the parties' memoranda, the complete record in this matter, and the oral argument, the Court REMANDS the ALJ's decision for further consideration of the side effects of Mr. Mitchell's medication on his ability to work.

　　　　　　　　　　　　FACTUAL AND PROCEDURAL HISTORY

　　　　On August 5, 2010, Mr. Mitchell got into a car accident that resulted in six bulged discs in his back and neck.  (R. 37-38.)  On October 5, 2011, Mr. Mitchell applied for disability insurance benefits under Title II, alleging injuries from the accident.  (R. 18, 136.)  The Commissioner of the Social Security Administration ("Commissioner") denied his claim on

1

December 6, 2011, and upon reconsideration on April 24, 2012.  (R. 62-63, 71.)  Thereafter, on May 23, 2012, Mr. Mitchell filed a timely written request for a hearing.  (R. 18.)  Mr. Mitchell appeared and testified at the hearing held on August 12, 2013, in St. George, Utah.  (R. 18.)  Kenneth A. Lister appeared and testified at the hearing as an impartial vocational expert ("VE").  (R. 18.)  On November 6, 2013, the ALJ held that Mr. Mitchell did not qualify as disabled under the Act from the alleged onset date through the date of the decision.  (R. 18.)  On February 13, 2015, the Appeals Council denied Mr. Mitchell's request for review.  (R. 1.)

In his decision, the ALJ found Mr. Mitchell had degenerative disc disease of the cervical and thoracic spines along with myofascial pain syndrome and that these impairments did not meet or medically equal the severity of any of the listings.  (R. 20.)  At step four, the ALJ found Mr. Mitchell possessed the residual functional capacity ("RFC") to perform the full range of light work as defined in 20 C.F.R. § 404.1567(b).  (R. 20.)  The ALJ discounted Mr. Mitchell's allegations of "severe pain, headaches, and difficulty sleeping," finding Mr. Mitchell's "statements concerning the alleged disabling nature of his impairments were not credible to the extent which they conflicted with the residual functional capacity."  (R. 21.)  The ALJ then found Mr. Mitchell capable of performing his past relevant work as an insurance sales agent, a skilled occupation with a specific vocational preparation ("SVP") level of seven.  (R. 24.)  The VE had testified the insurance sales agent job constituted a sedentary job generally, but Mr. Mitchell had performed it as a light job.  (R. 24.)  Thus, the ALJ concluded Mr. Mitchell did not qualify as disabled under the Act.  (R. 24.)

## STANDARD OF REVIEW

42 U.S.C. § 405(g) provides for judicial review of a final decision of the Commissioner.  Where the Appeals Council denies review, the ALJ's decision becomes the Commissioner's final

decision for purposes of review.  *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003).  The Court reviews the Commissioner's decision to determine whether the record as a whole contains substantial evidence in support of the Commissioner's factual findings and whether the Commissioner applied the correct legal standards.  42 U.S.C. §405(g); *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010).  Adequate, relevant evidence that a reasonable mind might accept to support a conclusion constitutes substantial evidence, and "[e]vidence is insubstantial if it is overwhelmingly contradicted by other evidence."  *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994).  The Commissioner's findings shall stand if supported by substantial evidence.  42 U.S.C. § 405(g).

In addition to a lack of substantial evidence, the Court may reverse where the Commissioner uses the wrong legal standards or the Commissioner fails to demonstrate reliance on the correct legal standards.  See *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994); *Thompson v. Sullivan*; 987 F.2d 1482, 1487 (10th Cir. 1993); *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1047 (10th Cir. 1993).

## DISCUSSION

**A.    The ALJ Erred by Failing to Discuss the Impact of Mr. Mitchell's Alleged Side-Effects on His RFC.**

Mr. Mitchell argues the ALJ erred by failing to discuss the side effects of Mr. Mitchell's medications in his decision.  (Pl.'s Br. 11, ECF No. 17.)  Mr. Mitchell contends the record indicates he suffered numerous side effects from his pain medications, including "blurred vision, difficulty remembering words, anxiety, insomnia, tiredness, confusion, and irritability."  (*Id.*) The ALJ noted that the record contained "brief references . . . to depression/depressive symptoms and/or anxiety" but found "no clear diagnosis of, or objective support for, depression or anxiety." (R. 20.)  The ALJ further found that "[d]ocumented complaints of mental health problems have

been limited"; Mr. Mitchell takes no "psychiatric medications"; and Mr. Mitchell "has not sought any mental health treatment." (R. 20.) The ALJ concluded "any alleged depression, anxiety or other mental impairment" did not qualify as medically determinable. (R. 20.) Thus, arguably, the ALJ did discuss the "anxiety" side effect. By finding the anxiety "not medically determinable," the ALJ had no obligation to analyze the side effect further. *See* 20 C.F.R. 404.1545(a)(2) (requiring analysis of medically determinable impairments).

    The ALJ fails to discuss Mr. Mitchell's memory loss and cloudy mind anywhere in his opinion, however. Dr. Stephen Hansen, one of Mr. Mitchell's treating physicians, did not document any instances of memory loss or cloudy mind in his treatment notes. (*See* R. 229-51.) Nonetheless, the record contains several references to these side effects. In his disability appeal form, Mr. Mitchell stated his memory has worsened to the point where he has to write things down and set reminders. (R. 171.) In the same form, Mr. Mitchell also indicated that he took Oxycodone, prescribed by Dr. Hansen, which caused forgetfulness. (R. 173.) As of July 22, 2013, Mr. Mitchell reported taking Oxycodone, Gabapentin, Xanax, and Butrans patches when he could afford them, all of which caused side effects including "mental cloudiness," "memory loss," "loss of concentration," "[d]ifficulty computing math problems," and "[d]ifficulty finding words." (R. 180.) Moreover, Mr. Mitchell testified at the ALJ hearing that the pain medication he takes makes his "mind very cloudy" so that he now has "a hard time thinking of words, carrying [himself] as far as speech." (R. 44.) Lastly, in September 2013, Mr. Mitchell reported to Dr. Joseph Fyans during his consultative examination that "[h]e gets anxious and feels like his head is foggy." (R. 295.)

    Step two of the sequential evaluation process requires the ALJ to decide whether the claimant has a severe impairment. 20 C.F.R. § 404.1520(a)(4)(ii). An impairment or

4

combination of impairments qualifies as severe when it significantly limits a person's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1521(a). Subsequently, in determining the RFC, the ALJ considers all medically determinable impairments, including non-severe impairments. 20 C.F.R. § 404.1545(a)(2).

If objective medical evidence shows a medical impairment that produces pain or other symptoms, the ALJ must consider the claimant's assertions of severe pain or other symptoms and decide the extent to which the ALJ believes the claimant's assertions. *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995). To make this analysis, the ALJ should consider such factors as

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Id.* (citation and internal quotation marks omitted). But this analysis "does not require a formalistic factor-by-factor recitation of the evidence. So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of *Kepler* are satisfied." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

When assessing a claimant's credibility regarding the intensity, persistence, and limiting effects of his symptoms, the Regulations require the ALJ to consider other factors in addition to the objective medical evidence, including "[t]he type, dosage, effectiveness, and side effects of any medication [the claimant] take[s] or [has] taken to alleviate [the claimant's] pain or other symptoms." 20 C.F.R. § 404.1529(c)(3)(iv). Here, the ALJ provides no indication that he considered Mr. Mitchell's statements regarding his memory loss or cloudy mind or other medication side effects with the exception of anxiety. (R. 20.) Without knowing whether the ALJ considered the side effects a medically determinable impairment, the Court cannot

determine whether the ALJ had to consider the side effects in developing the RFC.  "[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996).  Mr. Mitchell clearly raises a mental functioning issue as a side effect of his pain medication.  The failure to address a raised impairment constitutes error.

The Commissioner argues that during Mr. Mitchell's consultative examination with Dr. Fyans, Dr. Fyans noted Mr. Mitchell "was alert and cooperative, and his memory and concentration were normal during the appointment."  (Def.'s Answer Br. ("Def.'s Br.") 13, ECF No. 24.)  Moreover, the Commissioner argues Mr. Mitchell never sought "mental health treatment or medications to address these alleged impairments."  (*Id.*)  Certainly, an ALJ may properly consider the steps a claimant has taken to alleviate his symptoms.  *See Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000) (holding "the ALJ properly considered what attempts plaintiff made to relieve his pain— including whether he took pain medication—in an effort to evaluate the veracity of plaintiff's contention that his pain was so severe as to be disabling").  However, the ALJ here simply failed to discuss Mr. Mitchell's memory loss and cloudy mind or any steps Mr. Mitchell may or may not have taken to alleviate those symptoms.  (*See* R. 21-22.)  That Dr. Fyans found Mr. Mitchell's memory and concentration normal during the consultative examination carries little probative value, because it does not indicate whether the ALJ considered this side effect or how.  In sum, without any discussion of these side effects, the Court cannot engage in meaningful review of the ALJ's decision.  *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 734 (10th Cir. 2005) (requiring ALJ to develop the administrative record and explain findings sufficiently "to permit meaningful review"); *see also Huston v. Bowen*, 838 F.2d

1125, 1133 (10th Cir. 1988) (holding "an ALJ must carefully consider all the relevant evidence, including subjective pain testimony, and expressly reflect that consideration in the findings").

The ALJ's failure to evaluate Mr. Mitchell's memory loss and cloudy mind could have prejudiced Mr. Mitchell.  The ALJ found Mr. Mitchell had the capacity to perform his past relevant work as an insurance sales agent, a skilled occupation with an SVP of seven.  (R. 24.)  The Regulations define "skilled work" as work that "requires qualifications in which a person uses judgment to determine the machine and manual operations to be performed in order to obtain the proper form, quality, or quantity of material to be produced." 20 C.F.R. § 404.1568; DICTIONARY OF OCCUPATIONAL TITLES Appendix C (4th ed. 1991) (defining jobs with an SVP of seven as taking "[o]ver 2 years up to and including 4 years" to learn).  The ALJ fails to explain how Mr. Mitchell could still perform his past relevant work despite his memory lapses and cloudy mind, whether he rejected Mr. Mitchell's statements concerning these side effects, or otherwise explain how his RFC finding accommodates these side effects.  Thus, the Court holds the ALJ's failure to consider these side effects constitutes reversible error.  *See Hamlin v. Barnhart*, 365 F.3d 1208, 1221-22, 1224 (10th Cir. 2004) (remanding case where ALJ erred by failing to discuss claimant's testimony regarding shoulder pain because claimant's statements fell under the factors an ALJ should consider in making a credibility determination).

B.   **The February 13, 2014 Letter and Missing Treatment Notes**

On remand, the ALJ should also review the letter at Exhibit 7F-3, apparently dated February 13, 2014.  (R. 280.)  In his November 6, 2013 decision, the ALJ cited this letter.  (R. 23.)  Thus, Dr. Hansen could not have written the letter in 2014.  Moreover, the letter states Dr. Hansen has seen Mr. Mitchell for the "nearly 3 years" since Mr. Mitchell's August 2010 accident,

which suggests Dr. Hansen wrote the letter some time in 2013. (R. 280.) The ALJ should clarify his finding as to the date of the letter and the effect, if any, the date may have on his decision.

Finally, the last documented visit Mr. Mitchell paid to Dr. Hansen occurred on September 8, 2011 (R. 250), almost two years before Dr. Hansen gave his RFC assessment. (R. 294.) Mr. Mitchell continued to obtain prescription pain medication during this time, but no medical records reflect these prescriptions. Thus, to the extent Mr. Mitchell can locate medical records relevant to this time, the Court encourages him to submit them on remand.

## CONCLUSION

Based on the foregoing reasons, the Court REMANDS the ALJ's decision for further consideration consistent with this Order.

DATED this 21st day of March, 2016.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge